# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FINN,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. ED CV 17-00476 AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

## SUMMARY OF THE CASE

This case arises under the Social Security Act, Title II and Title XVI. Plaintiff Stephen Finn filed an application for benefits on November 19, 2014, alleging a disability onset date of March 20, 2014 for Post-Traumatic Stress Disorder ("PTSD") and other impairments. (AR 242.) The Commissioner denied the claims by initial determination on March 12, 2015. (AR 114.) Plaintiff requested reconsideration of the initial determination on April 3, 2015. (AR 150.) The Commissioner denied reconsideration on May 15, 2015. (AR 143.) Plaintiff requested a de novo hearing before an Administrative Law Judge ("ALJ") on June 3, 2015. (AR 160.) The ALJ conducted the oral hearing on November 4, 2015 and a supplemental hearing on

June 13, 2016. (AR 39, 62.) The ALJ issued a Notice of Unfavorable Decision dated September 16, 2016, denying Plaintiff's claims for benefits. (AR 14.) The ALJ determined that based on the application for a period of disability and disability insurance benefits protectively filed on November 19, 2014, Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act. (AR 32.) Further, based on the application for supplemental security income protectively filed on February 19, 2015, Plaintiff is not disabled under section 1614(a)(3)(A) of the Social Security Act. (AR 32.)

On November 15, 2016, Plaintiff requested that the Appeals Council review the decision. (AR 61.) The Appeals Council denied the request for review on January 9, 2017. (AR 1.) On that date, the ALJ's decision became the final decision of the Commissioner. 42 U.S.C. § 405(h). This timely civil action followed. The Court has jurisdiction to review the final decision of the Commissioner for substantial evidence and error of law. 42 U.S.C. §§ 405(g), 1383(c). Plaintiff contends that the ALJ erred in denying Plaintiff's claims for benefits under Title II and Title XVI of the Social Security Act.

Pursuant to the case management order, the parties have filed a Joint Submission that sets forth their positions and arguments on the disputed issues. (ECF No. 19.) The case is now ready for decision by the Court.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson*, 402 U.S. at 401. The Court reviews the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Garrison,* 759 F.3d at 1010; *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. *Treichler*, 775 F.3d at 1099.

## DISCUSSION

**I. The ALJ Provided Persuasive, Specific, And Valid Reasons Supported By The Record For Giving Less Than Great Weight To The VA's Disability Rating.**

The standard for an ALJ's consideration of a Department of Veteran Affairs' ("VA") disability rating was recently summarized in *Luther v. Berryhill*, 891 F.3d 872, 876-877 (9th Cir. 2018):

> "[T]he ALJ must consider the VA's finding in reaching his decision and the ALJ must ordinarily give great weight to a VA determination of disability." *McLeod v. Astrue*, 640 F. 3d 881, 886 (9th Cir. 2011) (internal quotation marks omitted) (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). We have found great weight to be ordinarily warranted "because of the marked similarity between these two federal disability programs." *McCartey*, 298 F.3d at 1076. However, a VA rating not conclusive and "does not necessarily compel the SSA to reach an identical result." *McLeod*, 640 F.3d at 886. An ALJ may give less weight to a VA rating "if he gives persuasive, specific, valid reasons for doing so that are supported by the record."

3

| | |
|---|---|
| 1 | *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. |
| 2 | 2009) (quoting *McCartey*, 298 F.3d at 1076). |

Here, the VA determined that Plaintiff had a 100% disability rating after he was honorably discharged from the Navy. (AR 24, 375-376.) The ALJ did not give great weight to the VA's rating. (AR 29.) While Plaintiff challenges this, the Court finds that the ALJ provided persuasive, specific, valid reasons that are supported by the record. (*Id*.) The ALJ summarized the medical evidence in detail (AR 24-29) and identified specific findings and other evidence that contradicts the VA's disability rating. (AR 29.) The ALJ also referred to Plaintiff's "high level of functioning," including his ability to travel and go to public areas. (*Id*.) The ALJ further noted the opinion of a VA psychologist that Plaintiff did not have a pervasive personality disorder and did not meet the criteria for a dissociative identify disorder. (*Id*., citing AR 1579-1588.) Given the ALJ's discussion of the medical evidence and the VA rating and his reasoned explanation why the VA rating should not be deferred to, the Court finds that the ALJ did not err in not giving great weight to the VA disability rating. *See Carinio v Berryhill*, __ F. Appx. __, 2018 WL 2978543, *3 (9th Cir. June 14, 2018) (ALJ's decision did not err in giving limited weight to VA rating where it "referred to and analyzed the VA disability rating" and discussed medical opinions to show why VA rating should not be deferred to).

**II.     The ALJ Fully And Fairly Developed The Record.**

On this issue, Plaintiff makes only a conclusory argument and fails to point to any specific aspect of the record that the ALJ failed to develop fully and fairly. To the contrary, on two occasions, the ALJ left the record open after hearings to permit Plaintiff to submit additional evidence. (AR 41-42, 50, 59-60, 90.) This satisfied any duty to develop the record further. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (an ALJ may satisfy the duty to develop the record by keeping the record open after a hearing to allow supplementation).

**III. The ALJ Correctly Determined That The Severity Of Plaintiff's Impairments Did Not Equal The Criteria Of A Listing.**

Plaintiff contends that the ALJ erred by failing to determine that the severity of his impairments met or medically equaled Listings 12.03, 12.04, 12.06, 12.08 and 12.09. In addressing this point, Plaintiff has discussed separately the ALJ's findings that Plaintiff has (i) mild limitations in daily living, (ii) moderate limitations in social functioning, and (iii) moderate difficulties in maintaining concentration, persistence, or pace. These sub-issues are discussed below.

With regard to whether Plaintiff's limitations meet or equal a listing, Plaintiff has the burden of proof, but the ALJ is the final arbiter in resolving ambiguities. The ALJ's findings must be upheld if supported by substantial evidence. *See Burch v. Barnhart*, 400 F.3d 676, 679, 683 (9th Cir. 2005) (claimant bears burden to prove impairment meets the criteria of a listing and ALJ's decision must be upheld if record is susceptible to more than one reasonable interpretation); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-1042 (9th Cir. 2008) (ALJ is final arbiter to resolve ambiguities in record).

**A. The ALJ Correctly Found That Plaintiff Experiences Mild Limitations In Activities Of Daily Living.**

In finding that Plaintiff has mild restrictions in daily living, the ALJ noted that Plaintiff himself reported functioning at a high level: "he reported being able to drive, go to the movies, go out to eat, go shopping, visit friends, take short walks, visit relatives, pay bills, manage his money, take care of his personal needs independently, do dishes, run errands, pick up after himself, sweep, vacuum, fold laundry, cook, use a microwave, watch television and movies, use a cell phone and use a computer." (AR 21, citing AR 1166.) Plaintiff reported these activities in February 2015, and the ALJ's finding is supported by substantial evidence. (AR 1163-1170.) While Plaintiff refers to the reports and opinion of treating physician Dr. McKelvie, the ALJ expressly addressed Dr. McKelvie's opinion and provided specific reasons why he

was giving that opinion little weight. As set out below, the ALJ's decision to give little weight to Dr. McKelvie's opinion was not error. (AR 28-29.) Similarly, Plaintiff points to the VA's evaluation, but as discussed above, the ALJ provided persuasive, specific, valid reasons that are supported by the record for not giving great weight to the VA's determination.

### B. The ALJ Correctly Found That Plaintiff Experiences Moderate Difficulty In Social Functioning.

The ALJ found that Plaintiff has moderate difficulties in social functioning, and specifically cited to Plaintiff's ability to travel out of State to visit family on prolonged trips as well as to travel to Scotland in late 2014, and the fact that Plaintiff "presented with normal behavior at all of his consultative examinations, was able to attend two separate hearings and has not been noted as having a significant social issue in his therapy notes . . . . ." (AR 21, citing AR 287, 303-305, 342, 346, 1136, 1141, 1166, 1617, 1650, 1660, 1664, 611, 654-657, 668-672, 1132-1142, 1144-1156, 1166, 1171-1172, 1215-1217, 1277-1280, 1387-1400, 1406-1408, 1416-1419, 1424-1431, 1442-1473, 1490-1495, 1559-1560, 1577-1588, 1608-1614, 1665-1667.) Plaintiff also is able to go to the gym five days a week. (AR 21.) Based on this substantial evidence, the ALJ found that Plaintiff is able to be in public places when he is motivated to do so and is able to function normally while in public. (AR 21.) Although Plaintiff contests the weight given to some of this evidence and points to several observations by medical sources that could be read to support greater social limitations, Plaintiff's evidence is not so strong or pervasive that it renders the ALJ's finding outside the realm of a reasonable determination of a disputed issue. The ALJ's finding of moderate difficulty in social functioning must be affirmed as supported by substantial evidence. *See Burch*, 400 F.3d at 679, 683; *Tommasetti,* 533 F.3d at 1041-1042. It clearly meets that standard here.

\\\

\\\

## C. The ALJ Correctly Found That Plaintiff Experiences Moderate Difficulty In Concentration, Persistence, And Pace.

Plaintiff contends that the ALJ erred in finding that Plaintiff experiences moderate difficulty in concentration, persistence, and pace. In support of this determination, the ALJ pointed to the fact that many treatment notes reported Plaintiff to have normal cognitive functioning. (AR 21-22, citing AR 609-612, 654-657, 668-672, 1132-1142, 1144-1156, 1171-1172, 1215-1217, 1277-1280, 1387-1400, 1406-1408, 1416-1419, 1424-1431, 1442-1473, 1479, 1482, 1488, 1559-1560, 1577-1588, 1608-1614, 1665-1667, 1769.) The ALJ also considered Plaintiff's demonstrated ability to perform simple mathematical calculations, repeat four digits forward and backwards, remember three items immediately and one out of three items after five minutes. (AR 22, citing AR 1167.) As with the other sub-issues, Plaintiff argues that his interpretation of the evidence should prevail over that of the ALJ. However, the law provides that it is the ALJ's duty to resolve conflicts and ambiguities in the evidence, and the ALJ's determinations must be upheld if, as here, they are a reasonable interpretation and supported by substantial evidence. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *Burch*, 400 F.3d at 679, 683.

## IV. The ALJ Did Not Err Regarding PTSD And Pervasive Personality Disorder Symptoms.

Plaintiff's argument on this issue is difficult to discern. It appears that he is challenging the ALJ's summary of an April 2016 "Biopsychosocial Assessment Evaluation" by a team of mental health care to determine if he qualified for the DBT[1] program. (AR 27.) The ALJ's decision summarized the result of the DBT evaluation: "Based upon the clinical findings, the team determined that the claimant did not have a pervasive personality disorder or meet the criteria for DID [dissociative identify

---

[1] DBT is a VA program for Dialectical Behavioral Therapy. (AR 27.)

disorder] and therefore did [not] qualify for the DBT program." (AR 27, citing AR 1578-1588.) Although the ALJ left out the word "not," the context of the ALJ's sentence and the evaluation document in the administrative record makes clear that Plaintiff did not qualify for the DBT program.[2] Specifically, the evaluation itself states, "since [claimant] does meet criteria for Borderline Personality Disorder and does not have significant self-harm or suicidal behaviors, his clinical presentation does not warrant being admitted for the full DBT program." (AR 1587.) The evaluation also states, "[claimant] does not appear to have a pervasive personality disorder or meet the criteria for [DID] at this time." (*Id.*) All of this is consistent with the ALJ's summary on AR 27.

Plaintiff's claim of error is apparently based on the fact that the DBT evaluation further states, "[claimant] does appear to have complex PTSD . . . ." (AR 1587.) This statement is not specifically noted in the ALJ's discussion of the DBT evaluation, but an ALJ's decision is not required to recite every observation or statement from every medical source. Moreover, even if this single omission were error, it would be harmless because in the same paragraph of the decision, the ALJ acknowledges that Plaintiff has been diagnosed with PTSD: "Dr. Chung diagnosed the claimant with PTSD . . . ." (AR 27.) Thus, the record as a whole does not reflect confusion or misunderstanding by the ALJ regarding PTSD or other mental health symptoms. The Commissioner's portion of the Joint Submission also provides detailed record cites showing that the ALJ addressed Plaintiff's subjective symptoms, in compliance with governing law. (ECF No. 19 at 19-24.)

---

[2] *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."); *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency 'explains its decision with "less than ideal clarity,"' we must uphold it 'if the agency's path may reasonably be discerned.'") (citation omitted).

8

**V.    The ALJ Properly Assessed Plaintiff's Mental RFC.**

Plaintiff's final issue is a general challenge to the ALJ's RFC determination. An RFC assessment is an "administrative finding" that is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e)(2). It is a summary of what a claimant can still do despite existing exertional and nonexertional limitations. *See* 20 C.F.R. § 404.1545(a)(1)*; Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009*).* In determining a claimant's RFC, an ALJ must assess all the relevant evidence to determine what capacity the claimant has for work despite his or her impairment or impairments. *See* 20 C.F.R. § 404.1545(a)(1). In making the RFC determination, the ALJ takes into account those limitations for which there is record support that does not depend on claimant's subjective complaints. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). An ALJ's conclusion must be upheld when the evidence is susceptible to more than one rational interpretation. *See Tommasetti*, 533 F.3d at 1038.

In the Joint Stipulation, Plaintiff makes a one-paragraph argument and cites no law or specific medical records in support of its position on this issue. Plaintiff seems to argue that substantial evidence does not support the RFC finding and that the ALJ improperly relied on state agency psychological consultants. (ECF No. 19 at 24-25.) To begin with, Plaintiff's argument is so terse and unsupported that it provides virtually no guidance as to any alleged error concerning this issue. In any event, the Court's review of the ALJ's decision and supporting evidence shows that the RFC of medium unskilled work (with restrictions against working around hazards and with limited public contact) was properly based on the medical record, including medical opinions and clinical findings. In reaching his RFC determination, the ALJ made a thorough and detailed reviewed of the evidence. (AR 23-30.) As the ALJ stated, the RFC of medium unskilled work was supported by opinions of the state agency psychological consultants, as well as Plaintiff's record of intermittent treatment with stability while on medication. (AR 28.) The ALJ also properly relied on Plaintiff's

variety of activities and his lack of deficits in cognitive functioning. (*Id.*) Substantial evidence supports the ALJ's RFC, and Plaintiff has made no persuasive arguments to the contrary.

To the extent Plaintiff is attempting to challenge the ALJ's assessment of the medical opinions, that also fails. "Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan*, 242 F.3d at 1148. An ALJ who sets forth sufficient specific and legitimate reasons supported by substantial evidence may give reduced weight to a treating physician's opinion where there is a conflict between that opinion and the opinions of other physicians. *See id.; Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008), *Valentine*, 574 F.3d at 692. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751. In addition, an "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and citation omitted). Opinions of non-treating physicians may serve as substantial evidence when consistent with independent clinical findings or other evidence in the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002). An ALJ is required to evaluate the opinion of a non-treating physician, reference specific evidence in the medical record, and explain the weight to which it was entitled. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Thus, a nonexamining physician opinion "need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Bray*, 554 F.3d at 1221-1222 (the ALJ properly relied "in large part on the DDS physician's assessment" in determining the

claimant's RFC and in rejecting the treating doctor's testimony regarding the claimant's functional limitations).

Here, the ALJ provided several reasons for giving little weight to the medical source statement from treating psychologist John McKelvie, Psy.D. (AR 28, 1746-1751.) The ALJ appropriately pointed to the fact that Dr. McKelvie's opinion was generally of a conclusory nature without detailed explanation (AR 28-29), *see Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996), and that the treatment records did not support Dr. McKelvie's asserted limitations. (AR 29.) *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ properly rejected treating physician where treatment notes did not provide a basis for the functional restrictions in the opinion); *Magallanes*, 881 F.2d at 751; *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Rather, as the ALJ found, "the treatment notes show[ ] consistently unremarkable mental status evaluations and the claimant reporting an improvement in his symptoms such that Dr. McKelvie decided to decrease some of his medication and even take him off some of his medication in July 2016." (AR 29, citing AR 1442-1469, 1559-1560, 1608-1614, 1665-1667.) As to the state consulting psychologists, the ALJ properly relied on their opinions and found them to be consistent with the objective evidence in the medical file, the treatment history, and Plaintiff's activities. (AR 27-29.) *See Andrews,* 53 F.3d at 1041; *Bray*, 554 F.3d at 1221, 1227.

In sum, no error has been shown regarding the ALJ's RFC determination.

\* \* \* \* \*

Accordingly, IT IS ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: 9/6/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

11